<table>
<tr><td>4</td><td>371</td></tr>
<tr><td>157</td><td>156</td></tr>
</table>

JOHN S. GREATHOUSE, appellant, *v.* THAOLIN H. H. KIPP, appellee.

*Appeal from Macoupin.*

Where a declaration alleged that a note was payable to the plaintiff, and the surname, but only the initials of the Christian name, of the plaintiff, were written in the note: *Held*, that the production of the note sustained the declaration, without further proof.

THIS cause was heard in the Court below, at the May term, 1842, before the Hon. Samuel D. Lockwood. Judgment was rendered for the plaintiff for $104.77 and costs of suit. The defendant appealed to this Court.

J. SHIELDS and J. C. CONKLING, for the appellant.

This case differs from those of Peyton *et al. v.* Tappan, 1 Scam. 388, and 13 Johns. 486. In those cases, identity of parties was proved. That the mistake is fatal, see Chitty on Bills 579; 2 Stark Ev. 241, f h; 17 Pickering 200; 2 Bos. & Pul. 281; 3 Eng. Com. Law Rep. 301.

JOHN M. PALMER, for the appellee.

TREAT, Justice, delivered the opinion of the Court:

This was an action of *assumpsit*, commenced by Kipp against Greathouse. The declaration is upon a promissory note, alleging

that the defendant made his note, and thereby promised to pay the plaintiff the sum of money therein specified. The declaration also contains the common money counts. Plea, *non assumpsit*. The cause was tried by the Court. On the trial, the plaintiff offered in evidence a note corresponding with the one set out in the declaration, payable to T. H. H. Kipp. To the reading of the note the defendant objected, but the Court overruled the objection, and the note was read in evidence, and judgment rendered for the plaintiff for the amount thereof. From this judgment Greathouse has appealed to this Court, and assigns for error the decision of the Court, in permitting the note to be read in evidence. This Court, in the case of Peyton *et al. v.* Tappan, (1) decided, that it was sufficient to allege generally in the declaration, that the note was payable to the plaintiff, without averring that it was made payable to him by any particular name. In that case, Alexander Tappan declared generally upon a note payable to him, and the note offered in evidence was payable to A. H. Tappan. The Court permitted the plaintiff to prove that Alexander Tappan and A. H. Tappan were the same person, and gave judgment on the note.

In this case, the suit is brought by Thaolin H. H. Kipp, and the note in possession of the plaintiff, and by her offered in evidence, on the trial, is payable to T. H. H. Kipp. The note offered in evidence corresponds entirely with the note declared on, with the exception that the Christian name of the plaintiff is omitted.

In this state of facts, we think the presumption should be, that the plaintiff is the owner of the note, and the same person to whom the promise was made. The Court below decided correctly, and we affirm its judgment, with five per centum damages and costs.

*Judgment affirmed.*